UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO.
3:07CV417-J

VICKIE A. CAMPBELL                                                                                   PLAINTIFF

VS.

MICHAEL J. ASTRUE,
  Commissioner of Social Security                                                  DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Vickie Campbell ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be vacated and the matter remanded for further proceedings.

## PROCEDURAL HISTORY

On January 20, 2005, Claimant filed application for disability insurance benefits and supplemental security income payments, alleging that she became disabled as of December 31, 2001. After a hearing, Administrative Law Judge Nichols ("ALJ") determined that her depression, bipolar disorder, and panic attacks were severe impairments that prevented her from performing any of her past relevant work.  The ALJ further found that she retained the residual functional capacity for work  at all exertional levels, so long as it was simple and low stress work, involved no interaction with the public, and involved minimal interaction with coworkers.  This became the final decision of the Defendant when the Appeals Council denied review on June 12, 2007.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff points to consultant Dr. Noonan's opinion that she would need "structure and support" in the workplace. She contends that this limitation means that substantial evidence fails to support the residual functional capacity found by the ALJ.

Residual functional capacity (RFC) is an assessment of a claimant's remaining capacity for work once his or her limitations have been taken into account, Howard v. Commissioner, 276 F.3d 235, 239 (6th Cir. 2002); 20 C.F.R. §404.1545(a)(1). Residual functional capacity is what a claimant can still do on a sustained, regular, and continuing basis, Cohen v. Secretary of HHS, 964 F.2d 524 (1992). Upon a finding of inability to do past relevant work, the Commissioner must come forward with evidence to show that the claimant can still perform a significant number of jobs. Born v. Secretary, 923 F.2d 1168 (6th Cir. 1990). However, this is only the burden of going forward; at all times, the burden of persuasion regarding disability remains with the claimant. Thus, the claimant bears the burden or proof in establishing his or her RFC, Her v. Commissioner, 203 F.3d 388, 391-392 (6th Cir. 1999).

2

Dr. Noonan's summary states, in relevant part, as follows:

> It is believe that Ms. Campbell is capable of understanding and following directions, although at the present time, with her current level of anxiety, she would have difficulty comprehending complex or abstract directions. It is believed that she is capable of sustaining attention in the performance of simple tasks, but morethan likely would need structure and support. It is believed that she is capable of sustaining attention in the performance of simple tasks, but more than likely would need structure and support. It is believed that she is capable of relating appropriately with others in a job situation. At the present time, the patient may be to some extent compromised with regard to tolerating the stress of day-to-day work activity or working with adequate persistence due to her degree of anxiety and her medical problems.

Tr. 148.

The ALJ asked the Vocational Expert to assume limitations as follows:

> [W]ork would have to be low stress in nature, lower one third of the stress continuum, involve only simple tasks because of memory and concentration difficulties, not require any interaction with the general public, and only minimal interaction, meaning up to 10% of time, with coworkers.

Tr. 413.

Ms. Campbell complains that the ALJ erred in failing to provide a rationale as to why the need for structure and support "does not exclude the ability to engage in substantial gainful activity." Plaintiff's FLS at 2. Dr. Noonan's summary expressed his opinion with regard to four different areas of job functioning: First, he stated that he believed Ms. Campbell could understand and follow directions, but with her current level of anxiety, she would have difficulty with complex directions. Second, he believed she could "sustain attention in the performance of simple tasks, but more than likely would need structure and support." Tr. 148. Third, he believed she could relate appropriately to others in a job setting. Fourth, "at the present time ...[she] may be to some extent compromised with regard to tolerating stress of day to day work activity or working with adequate persistence." Tr. 148.

3

The ALJ's hypothetical questions to the vocational expert and his findings with regard to RFC addressed the first area, determining that she could do simple (rather than complex) work. He addressed the third area, limiting her interactions with co-workers and the public, and he addressed the fourth area, limiting her to low stress work. Tr. 14, 413. However, the ALJ did not address the issue of need for "structure and support," nor did he provide the vocational expert to comment on the meaning of such a restriction.

The precise meaning of "need for structure and support" is unclear. Was Dr. Noonan suggesting she needed a sheltered employment arrangement? Was he suggesting she needed to have a definite schedule for performing tasks? Or perhaps that she needed to work together with another for support? However, while the term's meaning is not self-evident, it is clear that Dr. Noonan was expressing the belief that her need for structure and support was *separate from* her need for simple and low stress work. By failing to obtain further information regarding the meaning of that restriction, either from a psychological expert or from a vocational expert, the ALJ left a hole in the record that prevents the Court from determining whether there is substantial evidence to support the RFC.

An order in conformity has this day entered.